**CARLE v. RAINEY (two cases).**

Nos. 6594, 6595

United States Court of Appeals for the District of Columbia

Argued March 4, 1936.

Decided March 30, 1936.

Rehearing Denied April 11, 1936.

Cornelius H. Doherty, of Washington, D. C., for appellant.

Paul B. Cromelin, Julian T. Cromelin, Julian I. Richards, and Bolitha J. Laws, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

PER CURIAM.

Christine Rainey, plaintiff below, obtained a judgment against Caroline Carle, defendant below, for $6,000 as damages for injuries sustained in an automobile collision. The declaration is in two counts, the first charging defendant with the negligent operation of the automobile; the second charging an unnamed agent of defendant with the negligent operation of the automobile. The defendant's plea was a general denial of each and every allegation of the declaration.

The injuries were sustained in December, 1931. The action was brought in March, 1933.

At the trial plaintiff testified that, while driving her automobile between Miami and Hollywood in Florida, she collided with an Auburn automobile which had driven out of a crossroad and momentarily stopped in the middle of the road on which she was driving, blocking her way and causing the collision. Her car was precipitated into a ditch, and she was injured and later taken to a doctor's office by the driver of the other car. Plaintiff, however, was unable to say who the driver of the other car was. She had not asked for her name; nor had she taken the license number of the car. She did not know whether the car which collided with her car was owned by the defendant or was being driven by the defendant at the time of the collision. Roscoe V. Rainey, the husband of plaintiff, testified that he was notified of the injury to his wife and went to the doctor's office to which she had been taken; and there he saw two women and a deputy sheriff. He did not know who the two women were, but he saw them about two hours later in an Auburn car. At that time the deputy sheriff was alighting from the car, and he heard the deputy call one of the ladies "Mrs. Carle" and the other lady "Mrs. Maddox." That he wrote the license number of the car on a piece of paper, but had lost it and could not remember the number; that he walked up to the car and spoke to the person the deputy had addressed as Mrs. Carle, and that she had said she was sorry the accident happened; that he asked her if she was driving the car, and she said she was. He had never seen her since. The only other evidence was that given by defendant's daughter that her mother owned an Auburn car and had been in Florida some three years prior to the time of the trial, and had a friend named Mrs. Maddox.

There was no probative evidence of any kind introduced in the trial to identify defendant as the driver or owner of the offending car. Nor was there any probative evidence to show that defendant was at or anywhere near the scene of the accident when it happened. The testimony of the husband that he had talked to a woman whom he had heard called "Mrs. Carle," and who said she was the driver of the car, was certainly not enough to show that that person and the defendant are the same. Counsel for plaintiff recognized his dilemma, and at his request the court suspended the trial from day to day for more than a week to enable him to produce defendant in court for identification. The effort, however, was unsuccessful, and the court thereupon allowed one of plaintiff's counsel to testify in the presence of the jury to a conversation, some months before the trial, with defendant's counsel, in which the latter had said that the trial would be confined to the issue of negligence in the management of the automobile; in other words, that he had been led by opposing counsel to believe that defendant's ownership of the car would be conceded. Subsequently, in overruling the defendant's motion for a directed verdict, the court stated it was permitting the case to go to the jury on the testimony of plaintiff's counsel that he had been so misled. We think this was error.

During the argument to the jury the defendant appeared in court; whether in answer to the subpœna which had been previously issued or whether of her own motion does not appear. Counsel for plaintiff knew she was in court, but no request was made to suspend the argument in order that she might be identified or called to testify; and the verdict of the jury was rendered on the evidence we have outlined above.

Numerous other errors are assigned to various rulings of the court in the progress

of the trial; but since in our opinion it is perfectly clear that the case, as made, was largely speculative, and the introduction in evidence of the statement of counsel and the intimation of the court that it could be considered as evidence of identification, were improper, it is our duty to remand for a new trial, and, therefore, we need not notice these assignments.

[2] We do notice, however, the charge made in the argument that defendant purposely concealed herself in order to avoid service of the subpœna, and that her counsel, if he did not advise such concealment, knew of it. If this is a fact, it was most reprehensible, but there is not enough in the record from which we can form any opinion on the subject; and, therefore, we notice it only to say that we think we may assume, if such a state of facts existed, the trial judge would on his own motion have taken such action as the facts demanded.

From the whole record it is clear that the denial of defendant's motion for a directed verdict was, in the circumstances, error requiring us to reverse and remand.

Reversed and remanded to the lower court, with instructions to grant a new trial.

No. 6595: This case must abide the result in No. 6594.